UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RUSSELL RITTER,                              :
               Plaintiff,           :       No. 5:14-cv-7241
    v.                                     :
                                     :
LIBERTY MUTUAL GROUP INC.,[1]        :
               Defendant.            :
_____

# MEMORANDUM

**Plaintiff's Motion to Dismiss Defendant's Counterclaim, ECF No. 13- Denied**

**Joseph F. Leeson, Jr.**                                                                  **September 23, 2015**
**United States District Judge**

## I.     INTRODUCTION

Plaintiff filed a Complaint against Liberty Mutual in the Lehigh County Court of Common Pleas, alleging that he was discriminated against while working for Defendant. After removing the action to this Court, Defendant filed an Answer to the Complaint, asserting affirmative defenses and a counterclaim against Plaintiff for breach of the duty of loyalty. Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. For the reasons set forth herein, Plaintiff's Motion is denied.

## II.    BACKGROUND

Plaintiff, who was forty-seven years of age at the time he initiated this lawsuit, avers that he began working for Defendant as a sales agent on August 10, 1992. Compl. ¶¶ 3-8, Ex. A, ECF No. 1. Plaintiff alleges that he is one of the older workers in his group, and that he has been subjected to higher standards than his co-workers in an attempt to force him out of his job due to

---

[1] The docket incorrectly lists two Defendants: Liberty Mutual and Liberty Mutual Group Inc., but the sole Defendant in this action is Liberty Mutual Group Inc. See Notice of Removal, ECF No. 1.

1

his age and higher salary.  Id. ¶¶ 9-15.  Plaintiff also alleges that he was subjected to a hostile work environment, which involved harassment, "unpleasant emails and videos, both racially and sexually tinged," and offensive jokes.  Id. ¶¶ 16-18, 24.  Plaintiff alleges that after his attorney notified Human Resources that he was going to file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), he was subjected to an adverse job action.  Id. ¶ 21.  Plaintiff alleges that Defendant made the decision to terminate him after receiving notification from the EEOC that he filed a charge of discrimination, and that he was issued a final written warning on December 18, 2013.  Id. ¶¶ 23, 48.

In Count I, Plaintiff claims age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 629.  Compl. ¶¶ 25-35.  In Count II, Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 for negligent supervision of an employee, relating to an incident involving a loan transaction with his supervisor.  Id. ¶¶ 36-45.  Plaintiff claims, in Count III, that he was subject to unlawful retaliation in violation of Section 7(b) of the ADEA, because he was terminated approximately eleven days after the EEOC notified Defendant of Plaintiff's discrimination charge.  Id. ¶¶ 46-56.  Count IV avers a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 955, 962 based upon his age, noting that Plaintiff dual filed his administrative agency charge with the EEOC and the Pennsylvania Human Relations Commission ("PHRC").  Id. ¶¶ 57-61.

Defendant filed a Notice of Removal to this Court on December 22, 2014.  Notice, ECF No. 1.  On January 28, 2015, Defendant filed an Answer to the Complaint, asserting affirmative defenses and a counterclaim for breach of the duty of loyalty against Plaintiff.  Answer, ECF No. 7.  The counterclaim alleges that Plaintiff "took advantage of his position to sell, modify, and/or reinstate insurance policies in a manner that he knew or should have known was contrary to

[Defendant's] policies" and "intentionally or negligently failed to act in good faith for the benefit of [Defendant] by selling, modifying, and/or reinstating insurance policies with inapplicable insurance rate discounts and/or paying for reinstatement of consumers' insurance policies with his own funds." Id. ¶¶ 13-21.

On February 26, 2015, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim, arguing that the counterclaim constitutes an unlawful act of retaliation and fails to state a claim. Pl.'s Mot. Dismiss, ECF No. 13.  Defendant responds that retaliation is not a basis for dismissal, that the counterclaim is compulsory because Plaintiff was terminated for selling insurance policies that did not conform to Defendant's internal policies in order to obtain incentive compensation, and that it has pled sufficient facts to state a claim.  Def.'s Resp., ECF No. 14.

## III.    STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

4

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

The defending party bears the burden of demonstrating that a claimant has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.   ANALYSIS**

Plaintiff's Motion to Dismiss is based largely on his contention that the counterclaim is another retaliatory act. Pl.'s Mot. Dismiss 4-7. Plaintiff refers to Title VII's anti-retaliation provision and addresses the elements of a retaliation claim, arguing that he has established that Defendant's counterclaim constitutes an adverse employment action. Id. However, the question as to whether the filing of a counterclaim can constitute an act of retaliation is not before the Court on a Rule 12(b)(6) motion. See Hospitality Assocs. of Lancaster, L.P. v. Lancaster Land Dev., L.P., No. 07-cv-03955, 2008 U.S. Dist. LEXIS 76772, at *19-20 (E.D. Pa. Sept. 30, 2008) ("The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint." (citing Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987)).

Moreover, Defendant asserts that it was required to plead the counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure. Rule 13(a) provides:

> (a) Compulsory Counterclaim.
>   (1) In General. A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>     (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>     (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). "The inquiry to determine if a claim is compulsory under Rule 13(a) is whether the counterclaim bears a logical relationship to an opposing party's claim." M.R. v. Ridley Sch. Dist., 744 F.3d 112, 121 (3d Cir. 2014) (internal quotations omitted). A logical relationship exists between two claims when they "involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties." Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978). Plaintiff's argument, that "[p]erhaps if Liberty Mutual's counterclaim were unrelated to its purported justifications for terminating the Plaintiff, the counterclaim would have greater viability," see Pl.'s Mot. Dismiss 7, actually supports Defendant's assertion that the counterclaim is compulsory. See Plebani v. Bucks Cty. Rescue Emergency Med. Servs., No. 03-5816, 2004 U.S. Dist. LEXIS 20332, at *9-11 (E.D. Pa. Sept. 30, 2004) (finding no support for the plaintiff's contention that courts universally dismiss counterclaims in employment discrimination claims, and concluding that the parties' claims are logically related because they involve differing views of why the plaintiff was fired). Because Defendant contends that the conduct alleged in its counterclaim is the nondiscriminatory reason for Plaintiff's termination, the counterclaim is appropriately pled in this action. See Baier v. Jersey Shore State Bank, No. 4:07-CV-2236, 2009 U.S. Dist. LEXIS 77607 (M.D. Pa. Aug. 31, 2009) (In response to the plaintiff's complaint, alleging that she was

terminated in retaliation for her complaints of discrimination, the defendant asserted a counterclaim alleging that the plaintiff breached her duty of loyalty to the defendant-bank by attempting to divert business away from the bank.).

Having determined that the counterclaim is properly asserted in this action, this Court must determine whether it is sufficiently pled. Plaintiff asserts that the counterclaim is based on vague, conclusory allegations. Pl.'s Mot. Dismiss 7-9. He contends that the courts have not delineated how an employee's duty of loyalty translates into day-to-day obligations. Id. Defendant responds that it has pled sufficient facts to demonstrate a plausible claim for breach of the duty of loyalty. Def.'s Resp. 5-8 (citing Hill v. Best Med. Int'l, Inc., 2011 U.S. Dist. LEXIS 123845, at *71-72 (W.D. Pa. Oct. 24, 2011) (explaining that in order to establish a breach of the duty of loyalty on the part of an employee, the employer must first establish that a fiduciary or confidential relationship existed, and then that (1) the employee negligently or intentionally failed to act in good faith and solely for the benefit of employer in all matters for which he was employed; (2) the employer suffered injury; and (3) the employee's failure to act solely for the employer's benefit was a real factor in bringing about the employer's injuries)). See also Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 414-15 (E.D. Pa. 2006).

The counterclaim alleges that Defendant gave Plaintiff "substantial control over the sale, modification, and/or reinstatement of insurance policies and application of insurance rate discounts to those policies," and that Plaintiff "intentionally or negligently failed to act in good faith for the benefit of [Defendant] by selling, modifying, and/or reinstating insurance policies with inapplicable insurance rate discounts and/or paying for reinstatement of consumers' insurance policies with his own funds." Answer, Counterclaim ¶¶ 15-21, ECF No. 7. Further, Defendant claims that it "paid incentive compensation to [Plaintiff] for insurance policies which

would not have been sold and/or reinstated without the discounts [Plaintiff] applied which violated [Defendant's] policies, and that "[i]nsurance policies sold by Plaintiff with unapproved discounts decreased [Defendant's] revenue in excess of $3,000 per year." Id.

This Court concludes that Defendant has alleged sufficient facts to state a claim for breach of the duty of loyalty. See Synthes (USA) v. Globus Med., Inc., No. 04-1235, 2007 U.S. Dist. LEXIS 50812, at *32 (E.D. Pa. July 12, 2007) ("Parties alleging breaches of fiduciary duty need not show the existence of damages other than the offending party's receipt of a benefit that should have inured to the complainant."); Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 416 (E.D. Pa. 2006) (finding that the plaintiffs alleged the elements of a breach of fiduciary duty by the defendants); Latuszewski v. VALIC Fin. Advisors, Inc., No. 03-0540, 2007 U.S. Dist. LEXIS 93329, at *45 (W.D. Pa. Dec. 18, 2007) ("Employees have a fiduciary duty of loyalty to their employer."). Plaintiff's Motion to Dismiss is therefore denied.

## V.     CONCLUSION

Plaintiff's assertion that the counterclaim is another retaliatory act is not a basis for dismissal pursuant to Rule 12(b)(6). Additionally, because the counterclaim, which addresses Plaintiff's alleged conduct causing termination, is logically related to Plaintiff's claim of discrimination, it must be raised in this action. Defendant has alleged sufficient facts to support the claim; therefore, Plaintiff's Motion to Dismiss is denied.

A separate Order follows.

>                               BY THE COURT:
>
>
>                               */s/ Joseph F. Leeson, Jr.*
>                               JOSEPH F. LEESON, JR.
>                               United States District Judge